**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | |
|---|---|
| **Chambers of** | **U.S.Courthouse - Chambers 5D** |
| **Richard D. Bennett** | **101 W. Lombard Street** |
| **United States District Judge** | **Baltimore, MD 21201** |
| **Northern Division** | **Tel:  410-962-3190** |
| | **Fax: 410-962-3177** |

December 30, 2014

TO COUNSEL OF RECORD

RE: *First Data Merchant Services Corp., et al. v. SecurityMetrics, Inc.*
    Civil No. RDB-12-2568

Dear Counsel:

The Plaintiffs and Counter-Defendants First Data Merchant Services Corporation and First Data Corporation notified this Court on December 18, 2014 that their damages expert, Richard Gering, had misrepresented his academic background despite having testified under oath to that background in numerous other cases (ECF#331).  Accordingly, this Court scheduled a telephone conference addressing this matter.  It was during this telephone conference on December 22, 2014 that First Data acknowledged that it would be withdrawing Mr. Gering as an expert witness and indicated it would seek to replace him.  The Defendant and Counter-Claimant SecurityMetrics Inc. indicated its opposition to substitution of an expert, just weeks before the trial of this case, which is scheduled to commence on January 12, 2015.  This Court indicated that it did not look favorably upon this belated request but permitted First Data to file a letter seeking to provide authority for such a substitution of an expert witness so close to trial.  First Data immediately submitted such a letter (ECF#335) and within twenty-four hours SecurityMetrics filed its opposition in response (ECF#336).  Without seeking leave of Court, First Data then submitted a reply letter (ECF#338).  SecurityMetrics has since filed another letter without leave of Court noting once again its opposition (ECF#339).

The request of First Data to substitute Mr. Joseph Lesovitz as its testifying rebuttal expert in place of the discredited Richard Gering is **DENIED**.  The case authority cited by First Data does not support such a substitution less than three weeks prior to the trial date of January 12, 2015 which was scheduled almost one year ago.  Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure this Court's Scheduling Order "shall not be modified except upon a showing of good cause and by leave of the district judge."  Good cause has simply not been shown in this matter.  First Data did not indicate any indication to substitute its expert witness until the conference call with this Court and opposing counsel on December 22, 2014, despite having learned of Mr. Gering's fraud on December 16, 2014.  Furthermore, there is simply inadequate time for SecurityMetrics to review the background and publications of Mr. Lesovitz and prepare for a deposition.

Although informal in format, this letter nonetheless constitutes an Order of Court and the Clerk is directed to docket it as such.

Sincerely,

/s/

Richard D. Bennett
United States District Judge

RDB/klf