IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| FIRST DATA MERCHANT SERVICES CORPORATION, *et al.*, | * | |
| Plaintiffs, | * | |
| v. | * | Civil Action No. RDB-12-2568 |
| SECURITYMETRICS, INC., | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM ORDER**

After four and a half years of very contentious litigation in this now closed case, there is yet another motion and request by one of the parties pending before this Court. Specifically, SecurityMetrics, Inc. ("SecurityMetrics"), the Defendant and Counterclaimant in this matter, has requested that this Court "request the Clerk to consider the SecurityMetrics cost bill." SecurityMetrics Letter, p. 2, ECF No. 427. That request (ECF No. 427) is DENIED. This same request was previously denied by this Court without prejudice, via Paperless Order of March 28, 2016 (ECF No. 421), as SecurityMetrics filed a Notice of Appeal to the United States Court of Appeals for the Fourth Circuit (ECF No. 412). That appeal addressed this Court's granting of summary judgment on certain issues, but there was no appeal with respect to this Court's denial of a Motion for Attorneys' Fees.[1] The Fourth Circuit AFFIRMED the Judgment of this Court on December 1, 2016 (ECF No. 425), and the Mandate was issued on December 27, 2016 (ECF No. 426).

---

[1] Plaintiff First Data did appeal this Court's denial of attorneys' fees. *See* Notice of Cross Appeal, ECF No. 415.

1

This Court's previous Order of March 28, 2016 (ECF No. 421) specifically instructed that any request for "a new bill of costs" be filed "within fourteen days of the [United States Court of Appeals for the Fourth Circuit] issuing any mandate affirming judgment." Accordingly, SecurityMetrics should have field any request for costs by January 10, 2017, fourteen days after entry of the Fourth Circuit's Mandate on December 27, 2016, but failed to do so. The effort by counsel for SecurityMetrics to equate this clear deadline to a period of time to petition the United States Supreme Court is without merit.

Local Rule 109.1(a) of this Court (D. Md. 2016) specifically provides that "[n]on-compliance with [this Court's] time limits shall be deemed a waiver of costs." The United States Court of Appeals for the Fourth Circuit has observed that parties "waive[ ] their rights to costs" where they have failed to comply with Local Rule 109.1 of this Court. *West v. Raimond*, 8 F.3d 823 (4th Cir. 1993) (quoting Local Rule 109.1 (D. Md. 2016)); *see also Matthews v. Colvin*, No. SAG-09-1410, 2014 WL 309645, at *1 (D. Md. Jan. 24, 2014) (untimely petition for attorney's fees was "deemed to be a waiver of any claim" for fees). SecurityMetrics' argument that its failure to comply with this Court's March 28, 2016 Order should be excused due to "inadvertent error" is without merit because the record indicates that several lawyers and staff at the Maschoff Brennan law firm received electronic notification of this Court's Order, and the Order has appeared on this Court's docket for almost a year. The Fourth Circuit has observed that counsel's "failure to receive notice of [a] filing [does] not absolve counsel of his 'affirmative duty to stay apprised of the status of the case.' " *Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 413 (4th Cir. 2010) (quoting *Gibson–Michaels v. Bair*, 255 F.R.D. 306, 307 (D.D.C. 2009)).

With the issuance of the Mandate by the United States Court of Appeals for the Fourth Circuit on December 27, 2016 (ECF No. 426), this highly contentious battle between the parties is now concluded and this case remains closed with no further motions to be considered.

## CONCLUSION

For the reasons stated above, is this 21st day of March, 2017, ORDERED that:

SecurityMetrics Inc.'s request that this Court "request the Clerk to consider the SecurityMetrics cost bill" (ECF No. 427) is DENIED.

This case remains CLOSED.

The Clerk of this Court shall transmit copies of this Memorandum Order to Counsel.

/s/ Richard D. Bennett
Richard D. Bennett
United States District Judge